IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:17-CV-2569-L** |
| TIM SHEPHERD, M.D., P.A. d/b/a Shepherd Healthcare, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion for Leave to File a Second Amended Complaint (Doc. 34), filed February 8, 2019; and the Equal Employment Opportunity Commission's Unopposed Motion for Expedited Ruling on EEOC Motion for Leave to File a Second Amended Complaint (Doc. 42), filed April 3, 2019. For the reasons that follow, the court **denies without prejudice** Plaintiff Equal Employment Opportunity Commission's Motion for Leave to File a Second Amended Complaint (Doc. 34); and **denies as moot** the Equal Employment Opportunity Commission's Unopposed Motion for Expedited Ruling on EEOC Motion for Leave to File a Second Amended Complaint (Doc. 42).

The EEOC seeks leave to file a second amended complaint, and Defendant Tim Shepherd, M.D., opposes the relief sought. The court declines to address the merits of the motion because it was filed under the incorrect rule of civil procedure.

The EEOC seeks leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides in part that a "[c]ourt shall freely give leave when justice so requires." Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a),

**Memorandum Opinion and Order – Page 1**

the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. at 536 (internal quotation marks, brackets, and citations omitted).

As a scheduling order has been issued in this case and the deadline to amend pleadings has expired, Rule 16(b), not Rule 15(a), controls. No analysis or discussion of the required factors has been presented by the EEOC, and the court, therefore, is unable to analyze and decide the EEOC's motion under the applicable law. For this reason, the court will deny without prejudice the motion for leave.

With respect to the motion for an expedited ruling, it is moot and will be denied. The court notes that this is the second motion filed in this action for an expedited ruling. The court has an extremely busy schedule, and the Dallas Division of the Northern District of Texas has two judicial vacancies. Motions to expedite should not be routinely filed because they often unnecessarily consume scarce judicial resources. If a motion for expedited consideration is filed,

at a minimum, the movant should correctly state the applicable law; otherwise, expedition fails to be accomplished.

For the reasons herein stated, the court **denies without prejudice** Plaintiff Equal Employment Opportunity Commission's Motion for Leave to File a Second Amended Complaint (Doc. 34); and **denies as moot** the Equal Employment Opportunity Commission's Unopposed Motion for Expedited Ruling on EEOC Motion for Leave to File a Second Amended Complaint (Doc. 42).

**It is so ordered** this 4th day of April, 2019.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge