UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>TIM SHEPHERD M.D., PA d/b/a SHEPHERD HEALTHCARE,<br><br>*Defendant.* | § § § § § § § § § § § § § Civil Action No. 3:17-CV-02569-X |

## ORDER

On September 23, 2019, the Equal Employment Opportunity Commission filed a second amended complaint against Tim Shepherd M.D., P.A., alleging unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). The Court *sua sponte* concludes that the Eastern District of Texas—not the Northern District of Texas—is the proper venue for this case. Barring any objections, the Court **TRANSFERS** this case to the Sherman Division of the U.S. District Court for the Eastern District of Texas. The Court **GRANTS LEAVE** to the parties to file briefing stating their objections, if any, by Friday, January 17, 2020.

I.

The Court finds that the Eastern District of Texas is the proper venue for this case. Therefore, the Court transfers venue under 28 U.S.C. § 1406(a).

1

A.

If a district court is not a proper venue for a civil action, it is authorized to *sua sponte* transfer a civil action to a district court that is a proper venue. Under 28 U.S.C. § 1406(a), a federal district court is authorized to transfer a "case laying venue in the wrong division" to "any district or division in which it could have been brought" if the court finds it is "in the interest of justice" to transfer the case.[1] A district court may raise the issue of venue *sua sponte* and has broad discretion in determining whether to transfer a case under section 1406(a).[2]

B.

To determine that this Court is not a proper venue for this case, the Court analyzes EEOC's failure to plead venue properly under Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).

i.

Section 706(f)(3) of Title VII, codified at 42 U.S.C. § 2000e-5(f)(3), prescribes venue requirements for EEOC actions like this. Under Section 2000e-5(f)(3), a judicial district is a proper venue in only four instances. First, a judicial district is a proper venue if "the unlawful employment practice is alleged to have been committed" within it.[3] Second, a district is proper if it is where "the employment records relevant to such practice are maintained and administered."[4] Third, a district is proper if it is

---

[1] 28 U.S.C. § 1406(a); *see Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)).

[2] *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

[3] 42 U.S.C. § 2000e-5(f)(3).

[4] *Id.*

where "the aggrieved person would have worked but for the alleged unlawful employment practice."[5] Fourth, if the respondent is not found within any districts already described, a judicial district is proper if it is where "the respondent has his principle office."[6]

### ii.

EEOC pleads venue under Section 2000e-5(f)(3). Specifically, EEOC alleges that the "employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas."[7] Although EEOC states the correct standard for venue, it does not present the facts necessary to satisfy it. EEOC alleges that from August 2008 to August 2018, Shepherd conducted business in Lewisville, Texas, and that since at least June 2018, Shepherd has conducted business in Flower Mound, Texas. Although located north of Dallas, the cities of Lewisville and Flower Mound are in the Eastern District of Texas. In other words: when you go north of Dallas, you go east. In any event, the employment practices alleged to be unlawful were committed within the jurisdiction of the Sherman Division of the U.S. District Court for the Eastern District of Texas.[8]

### II.

The Court concludes that the U.S. District Court for the Northern District of Texas is not the proper venue for this case. Under 28 U.S.C. § 1406(a), a federal

---

[5] *Id.*

[6] *Id.*

[7] *EEOC's Seconded Amended Complaint* ¶ 2 [Doc. No. 55].

[8] The fact that Shepherd's Chapter 7 bankruptcy case was filed in the U.S. Bankruptcy Court for the Eastern District of Texas is an additional clue.

district court is authorized to transfer a "case laying venue in the wrong division" to "any district or division in which it could have been brought" if the court finds it is "in the interest of justice" to transfer the case.[9] Here, the Court finds that it is in the interest of justice to transfer the case to the Sherman Division of the U.S. District Court for the Eastern District of Texas.

For these reasons, barring any objections, the Court **TRANSFERS** this case to the Sherman Division of the U.S. District Court for the Eastern District of Texas. The Court **GRANTS LEAVE** to the parties to file briefing providing their objections, if any, by Friday, January 17, 2020.

**IT IS SO ORDERED** this 3rd day of January 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] 28 U.S.C. § 1406(a).