IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } } | CIVIL ACTION NO. 4:20-cv-060-SDJ |
| v. | } } | |
| TIM SHEPHERD M.D., PA d/b/a SHEPHERD HEALTHCARE and BRIDGES HEALTHCARE, PA | } } } } | |
| Defendants. | } } | |

## FINAL JUDGMENT

This matter is before the Court on the Agreed Final Judgment filed by the Plaintiff U.S. Equal Employment Opportunity Commission (hereafter Plaintiff or "EEOC") and the Defendants Tim Shepherd M.D., P.A. d/b/a Shepherd Healthcare (hereafter "Shepherd Healthcare") and Bridges Healthcare, P.A. The term "parties" as used hereafter in this document is defined as the Plaintiff EEOC and Defendants Tim Shepherd, M.D., P.A. d/b/a Shepherd Healthcare and Bridges Healthcare, P.A.

**IS THEREFORE ORDERED** that a Final Judgment be entered as follows:

### I. RECITALS

1.    EEOC filed its Original Complaint against Defendant Shepherd Healthcare (3:17-cv-02569-L) in the Northern District of Texas, Dallas Division, on September 20, 2017, and filed its First Amended Complaint on July 2, 2018. EEOC filed suit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of religion and retaliation and to provide appropriate relief to

Almeda Gibson, Courtney Maldonado, Stacy O'Laughlin, Joshua Stoner, Maria Ramirez, Amanda Aguilar, Lee Jennings, Cameron Gibson, Krystal O'Bryan, and Jack Thomson, who were adversely affected by such practices. The EEOC alleged that Defendant Tim Shepherd M.D., P.A. violated Title VII by failing to accommodate an employee's religious beliefs, subjecting employees to a religiously based hostile work environment and terminating employees in retaliation for requests for accommodation and objections about being required to participate in the Defendant's morning Bible study and religious discussions. The Commission further alleged that Defendant Tim Shepherd M.D., P.A. violated Title VII by retaliating against its employees for their opposition to the company's required religious practices. Finally, the Commission alleged that the Defendant Tim Shepherd M.D., P.A. subjected Maria Ramirez, Amanda Aguilar, Lee Jennings, Cameron Gibson, Krystal O'Bryan, and Jack Thomson to a religiously-based hostile work environment in violation of Title VII by imposing religious practices and beliefs on them.

2. On September 23, 2019, EEOC filed a Second Amended Complaint adding Bridges Healthcare, P.A. as a second Defendant to its Title VII lawsuit under a theory of successor liability.

3. Defendants denied all allegations made by the EEOC.

4. On January 3, 2020, the EEOC's Title VII lawsuit was transferred to the Eastern District of Texas, Sherman Division, Judge Sean Jordan presiding (4:20-cv-00060-SDJ).

## II. PARTIES

5. Plaintiff is an agency of the United States charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act, and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. Section 2000e–5(a).

6. More than 30 days prior to the institution of this lawsuit, Almeda Gibson, Maria Ramirez, Amanda Aguilar, Lee Jennings, Cameron Gibson, Krystal O'Bryan, and Jack Thomson filed timely charges of discrimination with the EEOC alleging a violation of Sections 703(a) and 704(a) of Title VII of the Civil Rights Act of 1964, as amended.

7. Courtney Maldonado, Stacy O'Laughlin, and Joshua Stoner are former employees of the Defendants named as aggrieved individuals in the EEOC's Complaints.

8. Defendants Shepherd Healthcare and Bridges Healthcare, P.A. are both family medicine practices owned entirely by Dr. Timothy Shepherd.

### III. PRELIMINARY FINDINGS

9. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met. The EEOC's Complaints state claims, which, if proven, would authorize the Court to grant relief against both Defendants.

10. This Final Judgment is binding on Defendants Shepherd Healthcare and Bridges Healthcare, P.A., and on any entity they own or control, either directly or indirectly, whether through ownership of the stock of a corporation, interest in a partnership LLC, limited partnership or other means of ownership.

11. Pursuant to F.R.C.P. 65(d), this Final Judgment is further binding on the Defendants, their officers, agents, servants, and employees, and upon those persons in active concert or participation with them who receive actual notice of this Final Judgment.

12. Dr. Tim Shepherd agrees to notify the EEOC of any new medical practice that he and/or Virginia Shepherd own or control, directly or indirectly. Within ten (10) days of the opening of any new medical practice, Dr. Tim Shepherd will notify the EEOC of the name and

location of any such medical practice. Within 30 days of opening the new practice, Dr. Shepherd agrees to implement the provisions of paragraphs 18-21 below in the new medical practice.

13. During the term of the Final Judgment, Defendants, their managers, officers, agents and other persons in active concert or participation with them, or any other person or entity acting on behalf of Defendants, are enjoined from:

>a. discriminating against any employee with respect to the terms, conditions, or privileges of his or her employment, including but not limited to terminating an employee when such adverse acts or omissions are based on religion;
>
>b. subjecting an employee to a hostile work environment based on religion; and,
>
>c. failing to provide a reasonable accommodation of an employee's religious beliefs or practices.

14. Defendants Shepherd Healthcare and Bridges Healthcare, P.A., their managers, officers, agents, successors and other persons in active concert or participation with them, or any other person or entity acting on behalf of Defendants, are enjoined from requiring or pressuring any employee to engage in religious-based activities, including but not limited to workshops, meetings, social events, conversations, prayers, and other communications or events of a religious nature.

15. Defendants Shepherd Healthcare and Bridges Healthcare, P.A., their managers, officers, agents, successors and other persons in active concert or participation with them, or any other person or entity acting on behalf of Defendants, are enjoined from retaliating against any employee who opposes discrimination, requests a religious accommodation, objects to activities with religious or spiritual content, or who participates in any way in the filing, investigation, litigation, or resolution of any complaint of discrimination or EEOC charge of discrimination.

16. The duration of any equitable provisions as set out below in this Final Judgment shall be four (4) years from its effective date. The effective date of this Final Judgment will be the date when it is signed and filed by the Court. This Court shall retain jurisdiction of this action for a period of four (4) years and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Final Judgment.

## IV. **MONETARY RELIEF**

17. Judgment is entered in favor of Plaintiff EEOC on behalf of the Charging Parties and aggrieved individuals in the amount of $375,000.00. This settlement resolves all claims of the EEOC in this civil action as well as the claims of all 10 persons identified in the EEOC's Second Amended Complaint against the Defendants.

The parties (EEOC and Defendants Tim Shepherd, M.D., P.A. d/b/a Shepherd Healthcare and Bridges Healthcare, P.A) agree to the following payment schedule:

    a. On or before April 1, 2021, Defendants agree to pay $75,000;

    b. On or before September 1, 2021, Defendants agree to pay $75,000;

    c. On or before April 1, 2022, Defendants agree to pay $150,000; and

    d. On or before September 1, 2022, Defendants agree to pay $75,000.

The parties agree that 10 days before each payment is due, EEOC will provide the Defendants with a distribution list for the aggrieved individuals with the amount of payment due to each and the address to which the Defendants should mail each check by U.S. certified mail, return receipt requested.

Within 10 days after each payment is made, Defendants agree to send to EEOC at the address below a copy of the checks and proof of the delivery of the checks:

    Meaghan Kuelbs
    Sr. Trial Attorney

EEOC
207 S. Houston Street
Dallas, TX 75202
Meaghan.Kuelbs@eeoc.gov

## V. EQUITABLE RELIEF

18. Within 30 days after the effective date of this Final Judgment, Defendants shall adopt specific anti-discrimination policies and complaint procedures and distribute these policies and procedures to all employees. If either Shepherd Healthcare and/or Bridges Healthcare, P.A. is no longer operational at the time this Final Judgment is entered by the Court, any new medical practice opened by Tim or Virginia Shepherd shall, within thirty (30) days of opening adopt specific anti-discrimination policies and complaint procedures and distribute these policies and procedures to all employees.

These anti-discrimination policies and complaint procedures shall include, at minimum, a detailed explanation of: (a) the prohibition of discrimination on the basis of religion in all terms, conditions, and privileges of employment; (b) an employee's right to a reasonable accommodation of his/her personal religious beliefs or practices, including the right of an employee to abstain from engaging in activities or portions of activities that conflict with the employee's personal religious beliefs; and, (c) an employee's right to be free from retaliation for requesting a religious accommodation, making a complaint of discrimination, opposing practices he/she considers to be discriminatory, participating in protected activity, or providing information related to complaints of discrimination. The anti-discrimination policies and complaint procedures will also include a clearly described process for requesting religious accommodations and for making a complaint of discrimination, with the names of and contact information for the persons to whom such requests and complaints can be made.  These policies

and procedures shall be distributed electronically to all employees of Shepherd Healthcare and Bridges Healthcare, P.A.

19. Defendants shall provide annual mandatory training for all their employees during each year that this Final Judgment is in effect. The first such training shall be conducted within thirty (30) days of the effective date of this Final Judgment. All trainings will be live and at least one (1) hour in duration. The training will cover the rights and responsibilities of employers and employees under federal anti-discrimination laws, with specific discussion of the prohibitions against religious discrimination, harassment, reasonable accommodation, and retaliation. The training will provide information to employees on how they should request religious accommodation and the procedures for lodging complaints of discrimination. Defendants shall also provide a one-hour training of the above-described subject matter to any new supervisory/management or human resources employee within the first thirty (30) days of their employment. If either Shepherd Healthcare and/or Bridges Healthcare, P.A. is no longer operational at the time this Final Judgment is entered by the Court, any new medical practice opened by Tim or Virginia Shepherd shall, within thirty (30) days of opening, provide the training identified above, regardless of the number of employees working for the Defendants at the time of the training.

All employees who attend the training sessions described above will print and sign their full names and provide their job title on an attendance sheet that lists the date, time and title of the training. Defendants shall annually, on September 1 of each year during the term of the Final Judgment, provide the EEOC with the attendance sheets for any training given since the last report.

20. In addition to the annual training described in paragraph 19, Defendants shall provide three (3) hours of independent workplace discrimination training to Dr. Tim Shepherd and Mrs. Virginia Shepherd within sixty (60) days of the effective date of this Final Judgment. The training will review the rights and responsibilities of employees and managers under federal anti-discrimination laws and how such laws define unlawful discrimination. The training will emphasize Title VII's prohibition of religious harassment, discrimination on the basis of religion, coerced religious practices, and retaliation. The training will also emphasize the proper procedures for responding to requests for accommodation (whether formal or informal) and complaints of discrimination.

If either Shepherd Healthcare and/or Bridges Healthcare, P.A. is no longer operational at the time this Final Judgment is entered by the Court, any new medical practice opened by Tim or Virginia Shepherd shall, within thirty (30) days of opening, attend the training identified above, regardless of the number of employees working for the new practice.

21. The Defendants agree to electronically-distribute the Notice attached hereto as Attachment A to all employees and post the Notice on employee bulletin boards where other employment-related notices are posted. If either Shepherd Healthcare and/or Bridges Healthcare, P.A. is no longer operational at the time this Final Judgment is entered by the Court, any new medical practice opened by Tim or Virginia Shepherd shall, within thirty (30) days of opening, electronically-distribute the Notice attached hereto as Attachment A to all employees and post the Notice on employee bulletin boards where other employment-related notices are posted.

22. Defendants shall, within 60 days of the effective date of this Final Judgment send a written report to the EEOC confirming compliance with paragraphs 18-21. All reports shall be sent to:

      Meaghan Kuelbs, Sr. Trial Attorney
      EEOC
      207 S. Houston Street
      Dallas, TX 75202
      Meaghan.Kuelbs@eeoc.gov

23.    Neither the EEOC nor Defendant Shepherd Healthcare or Defendant Bridges Healthcare, P.A. shall contest the validity of this Final Judgment or the jurisdiction of the federal district court to enforce this Final Judgment and its terms for a period of four (4) years or the right of either party to the Final Judgment to bring an enforcement action upon breach of any term of this Final Judgment by either party. Nothing in this Final Judgment shall be construed to preclude the EEOC from enforcing this Final Judgment in the event that Defendants fail to perform the promises and representations contained herein.  The EEOC shall be authorized to seek compliance with the Final Judgment through civil action in the United States District Court.

24.    Each party shall bear its own costs, including attorney's fees incurred in this action.

**IT IS SO ORDERED.**

**SIGNED this _____ day of _____, 2021.**

_____
**U.S. DISTRICT COURT JUDGE**

# ATTACHMENT A

# NOTICE OF LAWSUIT AND SETTLEMENT

**This Notice is posted under a Final Judgment entered by a Federal District Court in a lawsuit filed by the U.S. Equal Employment Opportunity Commission against Tim Shepherd M.D., PA d/b/a Shepherd Healthcare and Bridges Healthcare d/b/a Shepherd Health.**

***Religious Discrimination*** Religious discrimination involves treating a person (an applicant or employee) unfavorably because of his or her religious beliefs. The law protects not only people who belong to traditional, organized religions, but also others who have sincerely held religious, ethical or moral beliefs. Religious discrimination can also involve treating someone differently because that person is married to (or associated with) an individual of a particular religion.

### *Policies/Practices*
**An employee cannot be forced to participate (or not participate) in a religious activity as a condition of employment.**

### *Employment Decisions and Harassment*
The law forbids discrimination when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, and any other term or condition of employment.  It is illegal to harass a person because of his or her religion.  Harassment can include, for example, offensive remarks about a person's religious beliefs or practices. The harasser can be the victim's supervisor, a supervisor in another area, a co-worker, or someone who is not an employee of the employer, such as a client or customer.

### *Job Segregation*
Title VII also prohibits workplace or job segregation based on religion (including religious garb and grooming practices), such as assigning an employee to a non-customer contact position because of actual or feared customer preference.

### *Reasonable Accommodation*
The law requires an [employer or other covered entity](#) to reasonably accommodate an employee's religious beliefs or practices, unless doing so would cause more than a minimal burden on the operations of the employer's business. This means an employer may be required to make reasonable adjustments to the work environment that will allow an employee to practice his or her religion.  Examples of some common religious accommodations include flexible scheduling, voluntary shift substitutions or swaps, job reassignments, and modifications to workplace policies or practices, and allowing for religious observances and dress or grooming that do not cause an undue hardship to the business.

If you believe you have been discriminated against for any reason, you may contact the EEOC at 207 S. Houston St., 3rd Floor, Dallas, TX, 75202, or call them at (972) 918-3580. The EEOC enforces federal laws against discrimination in employment. More information about the EEOC can be found at www.eeoc.gov.

_____                                    _____
Date                                                                   Dr. Tim Shepherd

**This Notice must remain posted until _____.**

AGREED TO AS TO FORM AND CONTENT:

**FOR THE PLAINTIFF:**

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Acting Regional Attorney
Texas State Bar No. 14009470
Suzanne.Anderson@eeoc.gov

/s/ Meaghan L. Kuelbs
MEAGHAN L. KUELBS
Senior Trial Attorney
Texas State Bar No. 24105277
Meaghan.Kuelbs@eeoc.gov

/s/ Esha Rajendran
ESHA RAJENDRAN
Trial Attorney
Texas Bar No. 24105968
Esha.Rajendran@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (972) 918-3611
(FAX) (214) 253-2749

**FOR THE DEFENDANTS:**

/s/ Gerrit M. Pronske
Gerrit M. Pronske
Texas State Bar No. 16351640
Spencer Fane, LLP
5700 Granite Parkway, Ste. 650
Plano, TX  75024
(TEL) (972) 324-0369
(FAX) (214) 324-0301
gpronske@spencerfane.com

## **CERTIFICATE OF SERVICE**

This is to certify that on this, the 9th day of March, 2021, I electronically transmitted the attached document to the Clerk of the Court using the ECF system of filing, which will transmit a Notice of the Electronic Filing to Defendants' counsel, an ECF registrant.

/s/ Meaghan L. Kuelbs
MEAGHAN L. KUELBS
